FILED
SUPERIOR COURT
OF GUAM

2014 JUL -7 PM 1: 03

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT
## OF GUAM

JOSEPH P. PEREZ,              )      DOMESTIC CASE No. DM 0780-11

        Plaintiff,     )

    v.                 )      **FINDING OF FACT AND**
                        )      **CONCLUSIONS OF LAW**

NENITA RAMOS PEREZ,    )

        Defendant.    )

                        )

This matter came before the Honorable Judge Michael J. Bordallo for bench trial on March 24, 2014 and May 16, 2014. Plaintiff was represented by attorney Jacqueline Taitano Terlaje. Defendant was represented by attorney Daniel S. Somerfleck. The Parties were ordered to submit their proposed findings of fact and any proposed conclusion of law, as deemed necessary by counsel on or before June 20, 2014. Having considered the testimony of the Parties and the evidence presented, the Court hereby makes the following findings of fact and conclusions of law:[1]

### FINDINGS OF FACT

1. The parties were married on March 22, 1997, and separated on or about November 14, 2011.

2. Plaintiff and Defendant are the parents of two children: E.J.P. (male, date of birth: April 19, 1999); and I.H.Z.R.P (female, date of birth: December 7, 2005).

3. On August 22, 2013, a Final Decree of Divorce was issued, granting Plaintiff a divorce from Defendant on the grounds of irreconcilable differences.

4. On December 14, 2011, the parties, by Stipulation and Order, agreed to share join legal and physical custody during the pendency of these proceeding on an alternating weekly schedule.

5. For over thirty (30) months from separation to trial, the minor children have continued an alternating weekly visitation with the parties.

6. During the pendency of the proceeding the minor child, E.J P. has attended private school and has excelled in both extra-curricular activities and earned placement in the A-Honor roll.

7. During the pendency of these proceedings the minor child I.H.Z.R.P. has attended private school, and is an A-Honor roll student.

8. All child support matters have been referred to the Child Support Referee.

9. The Department of Public Health and Social Services (DPHSS) conducted a custody study. On October 24, 2013, DPHSS recommended to the Court continued joint legal and physical custody.

10. During the marriage, Plaintiff acquired from the Estate of his mother, Edrei Z. Perez, a portion of interest in the following real property:

Lot 247, Unit 9, tract 1445 Barrigada, Guam, suburban, Estate Number 54281, as said lot is described in that Barrigada Heights, A resubdivision of a Portion of tract No. 9.

11. The Estate of Edrei Z. Perez was submitted to probate in the Superior Court of Guam in Probate Proceedings Case No. PR120-98, in which Plaintiff was identified as an heir and

[1] To the extent that a finding of facts should be deemed a conclusion of law or a conclusion of

co-administrator. Final distribution was granted by the Court on November 29, 2000.

12. During the marriage, on October 14, 2010, Defendant executed a Designation of Separate Property, recorded in the Department of Land Management, Government of Guam, Recorder's Office, as Instrument No. 812759, identifying the following real property as the separate property of Plaintiff:

Lot 247, Unit 9, tract 1445, Barrigada, Guam, suburban, Estate Number 54281, as said lot is described in that Barrigada Heights, A resubdivision of a Portion of tract No. 9.

13. During the marriage, from about 2005, the parties resided at 360 South Sabana Drive, Barrigada, Guam, which is the real property referenced in ¶10 above.

14. On or about August 8, 1997, the Plaintiff acquired from his mother, Edrei A. Perez, a joint tenancy interest to the following real properties:

(i)   Lot 4-1, Tract 1424, Tumon, Guam know as Unit 201, Keiyo Condominium, Tamuning, Guam, acquired as sole and separate property as recorded in the Government of Guam, Department of land Management, Office of the Recorder, on August 11, 1997, under Instrument No. 568462; and

(ii)  Lot No. 27-1, Tract 320, Mangilao, Guam, Estate No. 58185, Suburban, as said lot is marked and designated on Map Drawing No. A8-01-84D, and acquired as sole and separate property as recorded in the Government of Guam, Department of land Management, Office of the Recorder, on August 11, 1997 under Instrument No. 568459.

15. During their marriage, the Parties acquired the following personal property:

(i)   Asia Pacific Investment Company § 403b Retirement Account held in the name of Plaintiff, approximate current value $29,700.00;
(ii)  Plaintiff and Defendant's retirement benefits;
(iii) Household items, including a dining room table, television, drawers, and couches, were purchased in 2005 to 2006; after wear and tear of more than nine years, current value of $2,000.00.
(iv)  Mazda CX7;
(v)   Isuzu Trooper; and
(vi)  Ford Ranger.

law deemed a finding fact, it shall so be considered.

16. Defendant began employment with the Government of Guam in 2007 during the marriage, and continued employment throughout the marriage, after separation and divorce.

17. The Defendant's salary for 2010 was $49,772.50.

18. Plaintiff began employment with the Government of Guam on or about April, 1985, which is approximately twelve (12) years prior to the marriage. The Plaintiff continued to be employed with the Government of Guam throughout the marriage, after separation, and after divorce.

19. The Plaintiff's salary for 2010 was $53,317.43.

20. During the marriage, Plaintiff expended amounts on annual real property taxes incurred for his separate property from an account held as community property.

## CONCLUSTIONS OF LAW

The Court has jurisdiction over the matter pursuant to Chapter 8 of Title 19 of the Guam Code. 19 GCA §§ 8101 *et. seq.* (2013). As authorized by Guam law, the Court generally has the responsibility and authority to make findings of fact and conclusion of law which equitably divide and designate, assign and distribute, the separate debts and separate assets, as well as the community debt and community assets, of the parties. 19 GCA § 8411(b) (2013). In addition, where there are minor children of the marriage, the Court has jurisdiction to issue orders of child custody in the best interest of the children. 19 GCA §8404 (2013).

## I. CUSTODY

Based on all the testimony and evidence presented, including the custody study prepared by the DPHSS, the Court finds that it is in the best interest of the minor children to remain in the joint legal and physical custody of the Parties. Therefore the Stipulation and Order filed on

December 14, 2011, as amended and / or modified, is hereby made permanent.

## II. SEPARATE REAL PROPERTY

As explained by the Guam Supreme Court in 2014,

> [p]roperty acquired during the marriage by either husband or wife, or both, is presumed to be community property. The spouse asserting the separate character of property acquired during the marriage has the burden of overcoming this presumption. The presumption of community property can be overcome through the tracing of the property to a separate source.

*Kloppenburg v. Kloppenburg*, 2014 Guam 5 ¶ 23. Once separateness is established, where there is no proof of enhancement to separate property, it is improper to order reimbursement to the community. See *Rhinehart v. Rhinehart*, 2000 Guam 14 ¶ 20.

In addition to the Defendant's non-contention of the separateness of the acquisition of the real properties described above, the Court finds separateness has been sufficiently established. Also, although it was generally alleged that improvements had been made by the community to these properties, the Court finds that insufficient evidence was presented to support any finding of measurable improvement or valuation. Thus, applying *Rhinehart*, it would be improper to order any reimbursement to the community. *Id.*

## III. RETIREMENT ACCOUNTS

Apportionment is used when a trial court concludes that property contains both separate and community interest. *Hart v. Hart*, 2008 Guam 11 ¶ 138. Apportionment and apportionment method equations define the community's interest in the mixed property, and the trial court is in the best position to select the proper apportionment. *Id.* Where the trial court applies the time rule method of apportionment, "the community property interest in retirement befits is the percentage representing the fraction whose numerator is the employee spouse's length of service during marriage before separation . . . and whose denominator is the

employee spouse's length of service in total." *Id.*

In this case, as testified to by the Parties, they are both Government of Guam employees, eligible for retirement at 30 years. Therefore, the Court finds that the appropriate apportionment method based on the length of service and relative contribution of the parties to the Government of Guam Retirement Fund would account for the relative contributions of both separate and community interests in the assets.

(a) Plaintiff's Government of Guam Retirement Account:

Total years of service: 29 years of service
14.5 years of separate property interest = 12 year (pre-marriage) and 2.5 year (post separation and divorce)
Therefore, 14.5 years of the total service represents a community property interest
14.5/29 x 1/2 = 0.25 or 25% interest as community interest and 75% as separate property interest based on total years of service.

(b) Defendant's Government of Guam Retirement Account:

Total years of service, 16.5 year of service
After November 14, 2011, 2.5 year of separate property
When calculating year of marriage form 1997 to separation on November 14, 2011, therefore, there are 14 years total service which represent a community property interest
14/16.5 x 1/2 = 0.42 or 42% interest as community interest and 58% as separate property interest based on total years of service

Each Party has requested that they each retain their separate retirement accounts as their sole and separate property. Accordingly, Plaintiff is awarded his Government of Guam retirement account as his sole and separate property and Defendant is awarded her Government of Guam retirement account as her sole and separate property.

## IV. REMAINIG COMMUNITY PROPERTY

### a. Asia Pacific Investment Company § 403b) Retirement Account

Plaintiff testified to a separate retirement account held in his name valued at $29,700.00, as community property. The Court hereby awards each party the following:

(i) 50% to Joseph P. Perez; and

(ii) 50% to Nenita Ramos Perez.

The Court finds that any costs associated with the distribution shall be deducted directly from the retirement account prior to distribution, and that any requirement by the plan for a separate Qualified Domestic Relations Order shall be governed by the rule and regulations of Asia Pacific Investment Company.

**b. Household Items**

Based on all the testimony and evidence presented, the Court finds that there remains a $2,000.000 community interest in the undivided total household goods in the possession of the Plaintiff. The Plaintiff is hereby ordered to transfer 1/2 of the household goods to Defendant, the specific division of which maybe itemized by Defendant or alternatively, pay the Defendant, at his election, $1,000.00 for her community interest.

**c. Vehicles**

The Defendant is awarded the Mazda CX7. The Plaintiff is awarded the Isuzu Trooper and Ford Ranger.

**d. Debts**

Plaintiff shall be responsible for any and all loans and credit card debts in his name. Defendant shall be responsible for any and all loans and credit card debts in her name.

IT IS HEREBY ORDERED:

1. Judgment shall enter accordingly;

2. Within 20 days Plaintiff shall prepare and submit the judgment approved as to form by the Defendant;

3. Child support shall be ordered in an amount set by the Child Support Referee; and

4. Each party to bear their own costs and attorney fees.

SO ORDERED, this _____7_____ day of _____July_____ 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam